FILED
2009 Jan-13  AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM DAVID MCLELLAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **COMMERCIAL RECOVERY** | ) | |
| **SYSTEMS, Inc. a Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.    Plaintiff William David McLellan (hereinafter "Plaintiff") is a natural person who resides in this judicial district, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Commercial Recovery Systems, Inc. (hereinafter "Defendant CRS") is a collection agency with a principle place of business at the address of 8035 East R.L. Thornton Freeway, Suite 220, Dallas, Texas, 75228-7145, incorporated in Texas, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.    Plaintiff allegedly incurred a financial obligation (co-signing a Kia vehicle financing for his son) that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    Supposedly, Defendant purchased or was assigned or otherwise was collecting the debt and began collection activities against Plaintiff.

9.   Defendant has made numerous harassing and illegal calls and/or voicemails on Plaintiff's phone (including Plaintiff's work cell phone) in violation of the FDCPA.

10.  In late December, 2008, Defendant by and through a female collector/employee "Karen Williams", called Plaintiff in an attempt to collect an alleged debt that Plaintiff allegedly owes.

11.  Plaintiff and Defendant discussed a potential settlement and Karen Williams said she would check with Kia.

12.  On December 27, 2008, Dwight Smith called (800-214-7838) and asked Plaintiff what was he going to do about the bill.  Plaintiff told him that he was waiting on Karen to call him back.  Mr. Smith informed Plaintiff that he had fired her for not doing her job and he was handling Plaintiff's account now.  Defendant through Mr. Smith also informed Plaintiff this wasn't a debate - it was instead a dictatorship and Mr. Smith was going to tell Plaintiff how they were going to handle it.

13.  Plaintiff told Defendant he would consider filing bankruptcy.  Mr. Smith threatened Plaintiff that the Defendant would file a 1099 form on Plaintiff and when Plaintiff went to draw social security Plaintiff  would not be able to because the IRS and government would have a record of the 1099.

14.   This was a false and illegal threat as discharged debt and 1099s don't prevent the drawing of social security benefits.  After the Defendant argued with Plaintiff because Plaintiff would not send him money immediately by Western Union, Mr. Smith called Plaintiff a "smart ass".

15.   Plaintiff told him the conversation was over and hung up on Mr. Smith.  Mr. Smith called right back.  After a few more minutes of Mr. Smith's abuse, Plaintiff hung up again.  Mr. Smith again called Plaintiff back.  Plaintiff told Mr. Smith he was not talking to him anymore today and Mr. Smith said to call him on Monday.

16.   December 29, 2008, Jason (last name not known) from Defendant called Plaintiff at work on Plaintiff's company cell phone.  Plaintiff told Jason that he could not talk from work and could not talk on his work cell phone. Plaintiff told him he would call him when he got home.  Jason asked what time Plaintiff got off work and Plaintiff told him 4:00 p.m.  Jason then wanted to know what time Plaintiff got home and Plaintiff told him 4:30 p.m. or 5:00 p.m. depending on traffic.  Jason again asked Plaintiff to call him from Plaintiff's cell phone on the way home and Plaintiff told him he would call when he got home.  Jason said that was too late that he got off at 5:00 p.m.

17.   At or around 4:45 p.m., Plaintiff did not have a phone number for Jason so Plaintiff dialed the number he had for Dwight Smith and it rang to Jason's voice mail. At or around 5:15 p.m., Jason called and wanted to know how Plaintiff was going to send the money.  Plaintiff told him he wasn't sending anything until Plaintiff had an agreement in writing.  Jason complained he would not get it by the first of the month.  Jason said to send the money and he would mail the agreement.  Plaintiff refused and Jason said he would fax it to a location where Plaintiff could go and pick it up and Plaintiff refused and told Jason he did not want his personal information faxed anywhere.  At that point Jason got mad and said "Keep your f---- money, I don't give a d--" and hung up on Plaintiff.

18.   January 5, 2009, Linda Cantu from Defendant (800-214-7874) and left a message on Plaintiff's cell phone for him to call her.

19.   January 5, 2009, Linda Cantu called and left a message on Plaintiff's home phone for Plaintiff to call her.

20.   January 6, 2009, Plaintiff received a call from John (last name not known) who said he was aware that Plaintiff had a problem with Jason and wanted to get Plaintiff on a conference call to straighten it out.  Plaintiff told him Plaintiff could not take calls on Plaintiff's cell phone but John said it would

not take long.  John put Plaintiff on hold and Linda Cantu came on the phone.  John never came back on the line.

21.   Ms. Cantu started telling Plaintiff that she would send me an agreement in writing if Plaintiff would go through with the offer that Plaintiff made to Jason.  Plaintiff told her he wasn't sure what he needed to do now.  Plaintiff told her he may need to get an attorney.  Plaintiff asked her who she worked for and she said Hyundai Motor.[1]  Plaintiff then asked if Ms. Cantu worked for Hyundai and not a collection agency and she replied that she was trying to collect the debt for Hyundai.  Plaintiff then asked again who she worked for and she said Commercial Recovery Systems.

## Summary

22.   All of the above-described collection communications made by Defendant, and collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10), and 1692f, amongst others, through the use of profanity at Plaintiff, lying to Plaintiff, threatening to take action Defendant could not legally take, calling at Plaintiff's work when Plaintiff said he could not talk at work, etc.

---

[1] Plaintiff had a loan with Kia but not Hyundai unless the companies have merged.

23.    The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

24.    This series of abusive collection calls by Defendant and its employees caused Plaintiff enormous stress and anguish as a result of these abusive calls.

25.    Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

26.    Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

27.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## Respondeat Superior Liability

28.    The acts and omissions of Defendant's debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

29.    The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

30.    By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant CRS.

31.    Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## Negligent Hiring and Supervision

32.    Defendant negligently and/or wantonly hired, retained, or supervised the incompetent debt collectors who worked this account and broke the law and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by the Plaintiff.

## TRIAL BY JURY

33.     Plaintiff is entitled to and hereby respectfully demand a trial by jury on all

issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

35.     The acts and omissions of Defendant and its agents constitute numerous and

multiple violations of the FDCPA with respect to the Plaintiff.

36.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual

and compensatory damages; and, (3) reasonable attorney's fees and costs

pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

37.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as

though fully stated herein.

38.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

39.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

40.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

41.    Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

42. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

43. Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

44. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

45. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

47. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

48.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as
        though fully stated herein.

49.     Defendant CRS negligently and/or wantonly hired, retained, or supervised
        incompetent debt collectors who abused Plaintiff, and is thereby responsible to
        the Plaintiff for the wrongs committed against Plaintiff and the damages
        suffered by Plaintiff.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every
Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1)
  against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
  §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant
  to 15 U.S.C. § 1692k(a)(3) against Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Commercial Recovery Systems, Inc.
c/o Tim Ford
8035 East R.L. Thornton Freeway
Suite 305
Dallas, Texas 75228